Bigger, J.
In this ease the plaintiff asks that his case may be dismissed, he having settled with the defendant. This is resisted by the attorney for the plaintiff, who claims that he has a contract for a share of the proceeds of the litigation either by way of settlement or judgment.
The Supreme Court of Ohio decided, in 58 O. S., page 362, in the case of The Railway Company v. Volkert, that legal services rendered by an attorney in the prosecution of a suit to judgment in the court of common pleas and a promise to perform further services if error proceedings should be instituted in the circuit court or the Supreme Court constituted a valid consideration for the assignment of one-half interest in such judgment, and the contract is not champerty. Such an assignment will convey to the assignee a property right in the judgment. This right is not enforceable in a suit at law at the instance of the assignee against the judgment debtor only, but may be enforced in equity, and it is not in the power of the judgment debtor after knowledge of such assignment to compromise with the assignor alone, and thus defeat the claim of the assignee to recover one-half of the proceeds of the judgment.
F. 8. Monnett, for plaintiff.
B. L. Bargar, for defendant.
When, therefore, an attorney seeks to prevent such settlement, it must appear that the judgment debtor has notice. The attorney for the plaintiff in this case makes a professional statement that he had communicated this to counsel for the defendant. This professional statement is, 'however, rebutted by the professional statement of counsel on the other side that the statement only related to one case and not this or any of the cases which are now asked to be dismissed, and that no notice was given to the defendant of an interest in this case by the attorney for the plaintiff.. In the case just cited it appears there had been a judgment rendered against the railway company and the judgment creditor thereupon assigned an interest in it to his attorney for his services already performed and for future services for proceedings in error. This right the court says was enforceable only in equity in case the defendant railway company had notice of the assignment. That is not this case. Whether or not such an agreement as this for an interest in a prospective judgment will entitle an attorney in the suit to have the case proceed, against the wishes of his client, to judgment in an action at law is another question. It is not, however, necessary now to discuss that, as the attorney for the plaintiff has not established a necessary fact to entitle him even in an action in equity to recover against the defendant, to-wit, that the defendant was informed of his interest.
The plaintiff’s attorney states that he has a contract- for forty per cent, interest in whatever settlement or judgment is obtained. Under the authority of the case just cited, if the attorney for the plaintiff can establish by evidence that the defendant was notified of his interest, then it may be that in an action in equity against the defendant company he may recover the agreed share of the proceeds of the settlement from the company, but the decision of the Supreme Court is that such recovery can not be had in an action at law, and this is an action at law. The objection, therefore, of the attorney to the dismissal of this case must upon the facts appearing here be overruled.